UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Patrick T. Shaughnessy,                               Case No. 10-75021
                                                     Chapter 7
                       Debtor.                          Hon. Marci B. McIvor
_____/

Debbie Tomaszewski,

                 Plaintiff,

v.                                                              Adv. Pro. No. 11-4109

Patrick T. Shaughnessy

                 Defendant.
_____/

## OPINION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO CLAIMS ARISING UNDER 11 U.S.C. § 727(a)(4)

This matter is before the Court on Defendant's Motion for Summary Judgment. In an Opinion and Order issued on August 25, 2011, the Court granted Defendant's Motion for Summary Judgment as to Plaintiff's claims arising under 11 U.S.C. § 523. The Court requested supplemental briefs regarding the claim arising under 11 U.S.C. § 727(a)(4). Having reviewed the supplemental briefs and attachments filed by the parties, the Court finds that there are no genuine issues of material fact as to Plaintiff's claim under § 727(a)(4). Defendant's Motion for Summary Judgment is granted as to that claim and Plaintiff's Complaint and Amended Complaint are dismissed in their entirety.

The purpose of requesting supplemental briefs was to allow the parties to submit evidence regarding vehicles which Defendant/Debtor allegedly owned at the time he filed his bankruptcy petition, but which he failed to disclose on his bankruptcy schedules. The Court also

sought an explanation for Defendant/Debtor's failure to include social security disability income on his original Schedule I.

With respect to the vehicles, Defendant's supplemental brief adequately explains the disposition of the vehicles listed by Plaintiff in her original brief in opposition to Defendant's Motion for Summary Judgment. While it appears that Defendant/Debtor bought, fixed, and sold numerous late model vehicles, the vehicles were of insignificant value and in many instances, were not owned on the date the petition was filed. Defendant's brief also explains, to the Court's satisfaction in this particular case, Defendant's initial failure to disclose social security disability income.

The Court notes that Plaintiff brought these issues to the Chapter 7 Trustee's attention on several occasions. The Chapter 7 Trustee, whose responsibilities include assessing whether Debtor intentionally omitted or failed to disclose assets, declined to pursue an action to block Debtor's discharge under § 727. Presumably, the Trustee chose not to pursue denial of discharge for the same reasons the Court is now declining to do so – because there is no evidence that Defendant/Debtor intentionally omitted assets in an effort to thwart creditors.

For the foregoing reasons, as well as those set forth in the Court's prior Opinion, Defendant's Motion for Summary Judgment is granted. Plaintiff's Complaint and Amended Complaint are dismissed.

Signed on September 16, 2011

                                          /s/ Marci B. McIvor
                                          Marci B. McIvor
                                          United States Bankruptcy Judge